IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| JERRY GRANT and RONETTE GRANT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 9:20-cv-00764-DCN |
| vs. | ) |
| | ) **ORDER** |
| LOWE'S HOME CENTERS LLC and | ) |
| LOWE'S COMPANIES, INC., | ) |
| | ) |
| Defendants. | ) |

The following matter is before the court on defendant Lowe's Companies, Inc's ("Lowe's Companies") motion to dismiss, ECF No. 4. For the reasons set forth below, the court grants the motion.

## I. BACKGROUND

This action arises from plaintiff Jerry Grant's ("Mr. Grant") visit to a Lowe's store in Beaufort, South Carolina. Mr. Grant alleges that on or about June 12, 2017, he purchased several pieces of lumber from Lowe's and exited the store with the lumber in a lumber cart. He further alleges that an unknown former Lowe's employee was assisting Mr. Grant with loading the lumber into Mr. Grant's vehicle and trailer and that the employee picked up a piece of lumber, mishandled it, and caused it to hit Mr. Grant in his head and neck.

Mr. Grant and his wife, plaintiff Ronette Grant ("Mrs. Grant") (collectively, "plaintiffs") originally filed this action in the Court of Common Pleas for the Fourteenth Judicial Circuit on October 30, 2019. Their complaint contains two causes of action: negligence and loss of spousal consortium. Plaintiffs subsequently amended their

1

complaint in state court on January 23, 2020. Lowe's Companies and Lowe's Home Centers LLC ("Lowe's Home Centers") (collectively, "defendants") removed the case on February 19, 2020. Lowe's Companies filed a motion to dismiss for lack of personal jurisdiction on February 19, 2020. ECF No. 4. Plaintiffs responded on March 2, 2020, ECF No. 7, and Lowe's Companies replied on March 5, 2020, ECF No. 9. The motion is fully briefed and ripe for review.

## II. STANDARD

When the defendant challenges personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists. See In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997). When the court decides a personal jurisdiction challenge without an evidentiary hearing, the plaintiff must prove a prima facie case of personal jurisdiction. See Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). "In considering the challenge on such a record, the court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." In re Celotex Corp., 124 F.3d at 628 (quoting Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)). However, the court need not "credit conclusory allegations or draw farfetched inferences." Masselli & Lane, PC v. Miller & Schuh, PA, 2000 WL 691100, at *1 (4th Cir. May 30, 2000) (quoting Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994)).

## III. DISCUSSION

Lowe's Companies argues it must be dismissed from this case because the court does not have personal jurisdiction over it. Lowe's Companies contends that general personal jurisdiction does not exist because it is incorporated and headquartered in North

Carolina, and there is no specific jurisdiction because the other defendant in this case, Lowe's Home Centers, operates the store where Mr. Grant was allegedly injured, and all of plaintiffs' claims arise from allegations about the store. In response, plaintiffs do not contend that the court has general jurisdiction over Lowe's Companies but instead argue that Lowe's Companies has sufficient minimum contacts with South Carolina such that the court can exercise specific personal jurisdiction and that alternatively they should be permitted to conduct discovery on Lowe's Companies's contacts with South Carolina.

Because plaintiffs do not contest Lowe's Companies's assertion that the court does not have general personal jurisdiction over Lowe's Companies,[1] the court only considers whether it has specific personal jurisdiction over Lowe's Companies. In evaluating a challenge to personal jurisdiction under a state's long-arm statute, the court engages in a two-step analysis. Ellicott Mach. Corp. v. John Holland Party Ltd., 995 F.2d 474, 477 (4th Cir. 1993). First, the long-arm statute must authorize the exercise of jurisdiction under the facts presented. Id. Second, if the statute does authorize jurisdiction, then the court must determine if the statutory assertion of personal jurisdiction is consistent with due process. Id. South Carolina's long-arm statute extends

---

[1] Plaintiffs include some law about general personal jurisdiction in their response to Lowe's Companies's motion, but they only substantially argue that Lowe's Companies "has minimum contacts with the State of South Carolina," which relates to specific personal jurisdiction, and that they should be permitted to conduct jurisdictional discovery. Nevertheless, the court notes that a corporation may be subject to general jurisdiction in the forum where it "is fairly regarded as at home," Goodyear Dunlop Tires Operations, S.A., 564 U.S. 915, 924 (2011), and that in Daimler AG v. Bauman, the Supreme Court took the at-home standard to mean that a corporate defendant's home forum is only the state of incorporation or principal place of business, 571 U.S. 117, 137 (2014). Lowe's Companies is incorporated in North Carolina and has its principal office in Mooresville, North Carolina. ECF No. 4-1, Declaration of Latrice Lee ("Lee Decl.") ¶ 6. Therefore, Lowe's Companies is "at home" in North Carolina, and the court does not have general jurisdiction over Lowe's Companies.

its reach to the outer limits allowed by the Due Process Clause. Foster v. Arletty 3 Sarl, 278 F.3d 409, 414 (4th Cir. 2002). Consequently, the only question before the court is whether the exercise of personal jurisdiction would violate due process. ESAB Grp., Inc. v. Centricut, LLC, 34 F.Supp.2d 323, 328 (D.S.C. 1999).

The due process test for personal jurisdiction involves two components: minimum contacts and fairness. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980). Under the minimum contacts test, a nonresident defendant must have certain minimum contacts such that the suit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945). Due process is satisfied if the court asserts personal jurisdiction over a defendant who "purposefully avails itself of the privilege of conducting activities within the forum state," Hanson v. Denckla, 357 U.S. 235, 253 (1958), such that it "should reasonably anticipate being haled into court there," World-Wide Volkswagen, 444 U.S. at 297. After a showing of the defendant's purposeful availment, the reasonableness inquiry balances any burden on the defendant against countervailing concerns such as the plaintiff's interest in obtaining relief and the forum state's interest in the controversy. See id. at 292.

Specific jurisdiction arises when a cause of action is related to the defendant's activities within the forum state. See S.C. Code Ann. § 36-2-803; Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). The Fourth Circuit applies a three-part test when evaluating the propriety of exercising specific jurisdiction: (1) whether and to what extent the defendant purposely availed itself of the privileges of conducting activities in the forum state, and thus invoked the benefits and protections of

its laws; (2) whether the plaintiff's claims arise out of those forum-related activities; and (3) whether the exercise of jurisdiction is constitutionally 'reasonable.'" Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215–16 (4th Cir. 2001) (citing Helicopteros, 466 U.S. at 414–16; Burger King v. Rudzewicz, 471 U.S. 462, 472, 476–77 (1985)). As to the second requirement, "the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum." Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773, 1780 (2017) (internal quotation marks omitted; emphasis in original) (quoting Daimler AG v. Bauman, 571 U.S. 117, 126 (2014)). "When there is no such connection [between the plaintiffs' claims and the defendant's contacts with the forum], specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." Bristol-Myers, 137 S. Ct. at 1781.

Plaintiffs argue that Lowe's Companies has sufficient minimum contacts with South Carolina because they allege that Lowe's Companies owns and operates retails stores in South Carolina, supervises and trains employees in South Carolina, and derives substantial revenue from conducting business in South Carolina. Plaintiffs argue that the Fourth Circuit "has treated the disposition of Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction in conceptually the same manner as the court treats the disposition of motions to dismiss under Rule 12(b)(6), where the court takes allegations of the complaint as true for purposes of assessing the motion to dismiss." ECF No. 7 at 4–5. Plaintiffs are mistaken. As discussed above, when "the court addresses the question [of personal jurisdiction] on the basis only of motion papers, supporting legal memoranda and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a

5

prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs, 886 F.2d at 676. To determine whether a plaintiff has satisfied this burden, the court may consider both the defendant's and the plaintiff's "pleadings, affidavits, and other supporting documents presented to the court" and must construe them "in the light most favorable to plaintiff, drawing all inferences and resolving all factual disputes in its favor," and "assuming [plaintiff's] credibility." Masselli & Lane, PC, 2000 WL 691100, at *1; see also Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 560 (4th Cir. 2014) (explaining that the court is required "to construe any conflicting facts in the parties' affidavits and declarations in the light most favorable to" the plaintiff (emphasis added)). Therefore, unlike in a Rule 12(b)(6) motion, the court is permitted to look beyond the complaint and consider the facts submitted to the court. While the court is still obligated to construe the pleadings and supporting documents in the light most favorable to the plaintiff, the court need not "credit conclusory allegations or draw farfetched inferences." Masselli & Lane, PC, 2000 WL 691100, at *1.

Here, plaintiffs submit no proof to support their allegations about Lowe's Companies's contacts with South Carolina, and the court need not credit their conclusory allegations about Lowe's Companies's alleged contacts with South Carolina. In contrast, Lowe's Companies submitted the declaration of Latrice Lee, the corporate counsel for Lowe's Companies. Lee Decl. ¶ 2. In that declaration Lee attests that Lowe's Companies does not operate any Lowe's retail stores in South Carolina and does not employ anyone working at stores in South Carolina. Id. ¶ 8. These attestations contradict plaintiffs' allegations about Lowe's Companies's contacts with South

6

Carolina. "In cases where the defendant provides evidence which denies facts essential for jurisdiction, the plaintiff must, under threat of dismissal, present sufficient evidence to create a factual dispute on each jurisdictional element which has been denied by the defendant and on which the defendant has presented evidence." Pinpoint IT Servs., L.L.C. v. Atlas IT Exp. Corp., 812 F. Supp. 2d 710, 716–17 (E.D. Va. 2011). Plaintiffs have failed to do so. Plaintiffs also note that Lowe's Home Centers is the sole member of Lowe's Companies;[2] however, plaintiffs do not explain how this relationship creates personal jurisdiction over Lowe's Companies. Therefore, the court finds that that plaintiffs have failed to make a prima facie showing of personal jurisdiction over Lowe's Companies.

Alternatively, plaintiffs contend that they should be permitted to conduct discovery to show that Lowe's Companies:

> has sufficient minimum contacts with the State of South Carolina by conducting business in South Carolina, conducting marketing for the sale of goods in South Carolina, hiring employees in the State of South Carolina, offering for sale publicly traded stock of Lowes Companies, Inc. in the State of South Carolina, entering into contracts in the State of South Carolina, and purchasing and transporting goods within the State of South Carolina, promulgates rules, regulations, policies and procedures for Lowe's employees in the State of South Carolina, as well as other sufficient minimum contacts within the State of South Carolina.

ECF No. 7 at 5–6. The court acknowledges that it generally may permit jurisdictional discovery. However, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d

---

[2] Plaintiffs have this backwards. The sole member Lowe's Home Centers, an LLC, is Lowe's Companies. ECF No. 2 at 2.

7

390, 402 (4th Cir. 2003). In Carefirst of Maryland, Inc., the Fourth Circuit held that the district court did not abuse its discretion by deciding that the plaintiff failed to establish the necessity of jurisdictional discovery because there was no reason to believe that the information sought in jurisdictional discovery would alter the personal jurisdiction analysis. Id. at 403.

The same is true here. Even if the court were to permit jurisdictional discovery and plaintiffs were able to discover the information that they seek, none of these alleged contacts are connected to plaintiffs' claims, as required by the second prong of the Fourth Circuit's specific personal jurisdiction test. Plaintiffs' negligence claim relates to the conditions at the store at which Mr. Grant was allegedly injured. More specifically, plaintiffs allege that defendants breached their duties of due care by failing to maintain safe premises for invitees, creating and failing to warn of dangerous conditions, failing to follow reasonable safety measures, failing to adequately train and supervise its employees, and causing a piece of lumber to strike Mr. Grant in the head. All of these allegations arise out of the store in Beaufort, South Carolina at which Mr. Grant was allegedly injured, and that store is owned and operated by Lowe's Home Centers. Lee Decl. ¶ 7. Indeed, all Lowe's retail stores in South Carolina are owned and operated by Lowe's Home Centers. Id. Therefore, Lowe's Companies's potential contacts with South Carolina on which plaintiffs seeks discovery, such as whether Lowe's Companies has entered into contracts in South Carolina or conducted marketing in South Carolina, are unconnected to plaintiffs' negligence claims.

Similarly, plaintiffs' loss of spousal consortium claim arises from the loss of "love, affection, society, companionship, support, services, comfort, solace, guidance,

and other spousal benefits" that Mrs. Grant allegedly enjoyed prior to Mr. Grant's injuries. ECF No. 1-1, Am. Compl. ¶ 36. That claim is based on injuries that were allegedly sustained at the Lowe's store in Beaufort and is completely unrelated to the potential contacts identified by plaintiffs that Lowe's Companies has with South Carolina. As such, the claim does not arise out of the contacts on which plaintiffs seek discovery. Therefore, the personal jurisdiction analysis would be unaffected by jurisdictional discovery, meaning such discovery is not warranted.

In sum, the court finds that plaintiffs have failed to make a prima facie showing that the court has specific personal jurisdiction over Lowe's Companies and that jurisdictional discovery is not warranted.

## IV.   CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss.

**AND IT IS SO ORDERED.**

                                        **DAVID C. NORTON**
                                        **UNITED STATES DISTRICT JUDGE**

**March 27, 2020**
**Charleston, South Carolina**